Lina Stillman, Esq
Aygul Charles, Esq
Stillman Legal, PC
42 Broadway, 12th Floor
New York, NY 10004
Telephone: (212) 832-1000
Facsimile: (212) 203-9115
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Constancio Azueta and Telesforo Reyes )<br>)<br>Plaintiff, )<br>)<br>-v- )<br>)<br>D and A Coffee LLC (DBA 12 Chairs Café) )<br>and Ronen Grady, *jointly and severally,* )<br>)<br>Defendants. )<br>) | **COMPLAINT** |

**NATURE OF THE ACTION**

Plaintiffs Constancio Azueta and Telesforo Reyes and on behalf of others similarly situated (collectively, "Plaintiffs"), by and through their attorneys, Stillman Legal, P.C., upon their knowledge and belief, and as against D and A Coffee LLC (DBA 12 Chairs Café) and Ronen Grady, *jointly and severally*, (collectively, "Defendants") allege as follows:

NATURE OF THE ACTION

1. Plaintiffs are former employees of D and A Coffee LLC (DBA 12 Chairs Café) and Ronen Grady, *jointly and severally*

1

2. Defendants own or owned, operate or operated, or control or controlled a Restaurant located at 56 MacDougal St. in New York NY 10012 doing business as "12 Chairs Café"

3. Upon information and belief, Individual Defendant Ronen Grady serves or served as the owner, manager, principal or agent of Defendants D and A Coffee LLC. (collectively, "Defendant Corporations"), and through these corporate entities operates or operated the restaurant as a joint or unified enterprise.

4. Plaintiffs are former employees of Defendants. They were employed as delivery workers and cooks, but the delivery worker was required to clean the basement, twist cardboard boxes, tie them up and take them out, take out the garbage, sweep and mop, clean the windows, take out tables and chairs to the sidewalk all year round, sweep and clean the front of the restaurant (sidewalk), clean the bathrooms, receive deliveries, carry them downstairs and stock them around the basement, bring in tables and chairs at the end of the shift (hereinafter, "non-tipped non-delivery duties").

5. From 2017 until 2019, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate compensation for the hours over 40 per week that they worked.

6. Defendants failed to maintain accurate recordkeeping of their hours worked, failed to pay Plaintiffs appropriately for any hours worked over 40, either at the straight rate of pay, or for any additional overtime premium.

7. Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they had to work over 10 hours a day.

8. At all times relevant to this Amended Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work without providing the minimum

wage, overtime, and spread of hours compensation required by federal and state law and regulations.

9. Defendants employed and accounted for Plaintiffs as delivery workers but in actuality their duties required greater or equal time spent performing the non-tipped non-delivery functions described above.

10. Regardless, at all times Defendants paid Plaintiff below the tip-credit rate. Furthermore, under state law Defendants were not entitled to take a tip credit because Plaintiffs' non-tipped duties exceeded 20% of each workday, or 2 hours per day (whichever was less in each day) (12 N.Y.C.R.R. §146).

11. Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff's actual duties in payroll records to avoid paying him at the minimum wage rate and to enable them to pay him below the lower tip-credited rate by designating him as a delivery worker instead of a non-tipped employee.

12. Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees. At all times relevant to this Amended Complaint, Defendants maintained a policy and practice of requiring Plaintiffs to work without providing the minimum wage compensation required by federal and state law and regulations.

13. Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum wages and overtime pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq*. (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

14. Plaintiffs seek certification of this action as a collective action on behalf of themselves individually and all other similarly situated employees and former employees of the Defendants pursuant to 29 U.S.C. § 216(b).

**JURISDICTION AND VENUE**

15. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

16. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district. The Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a restaurant located in this district. Further, Plaintiffs were employed by Defendants in this district.

**THE PARTIES**

*Plaintiffs*

17. Plaintiff Constancio Azueta ("Plaintiff Azueta" or "Mr. Azueta ") is an adult individual residing in Queens County, New York.  Plaintiff Azueta  was employed by the Defendants from approximately September 2017 until October 2020.

18. Plaintiff Telesforo Reyes ("Plaintiff Reyes" or "Mr. Reyes") is an adult individual residing in Queens County, New York.  Plaintiff Reyes was employed by the Defendants from approximately May 2017 until February 2021.

*Defendants*

19. Defendants own or owned, operate or operated, or control or a Restaurant under the name "12 Chairs Café" Operating in 56 McDougal Street, New York NY.

20. Upon information and belief, D and A Coffee LLC. (d/b/a 12 Chairs) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, Defendant D and A Coffee LLC., maintains its corporate headquarters at 56 McDougal Street, New York NY.

21. Defendant Ronen Grady is an individual engaging in business in this judicial district during the relevant time period. Defendant Ronen Grady is sued individually in his capacity as an owner, officer and/or agent of the Defendant Corporations. He possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations. He determined the wages and compensation of the employees of Defendants, including Plaintiffs, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

**Defendants Constitute Joint Employers**

22. Defendants own or owned, operate or operated, or control or controlled two a Restaurant by the name of "12 Chairs Café" and registered in New York as D and A Coffee LLC.

23. The Individual Defendant Ronen Grady possesses or possessed operational control over Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations.

24. Defendants possess or possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with

respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

25. Defendants employ or employed Plaintiffs, and all similarly situated individuals, and are or were Plaintiffs' (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

26. Upon information and belief, Individual Defendant Ronen Grady operates or operated Defendant Corporations as either alter egos of himself, and/or failed to operate Defendant Corporations as entities legally separate and apart from himself by, among other things,

    a. failing to adhere to the corporate formalities necessary to operate Defendant Corporations as corporations,

    b. defectively forming or maintaining Defendant Corporations by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c. transferring assets and debts freely as between all Defendants,

    d. operating Defendant Corporations for his own benefit as the sole or majority shareholder,

    e. operating Defendant Corporations for his own benefit and maintaining control over it as a closed corporation,

    f. intermingling assets and debts of his own with Defendant Corporations and diminishing and/or transferring assets to avoid full liability as necessary to protect his own interests, and

    g. other actions evincing a failure to adhere to the corporate form.

27. At all relevant times, Defendants were Plaintiffs' employer within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

28. In each year from 2015 to the present, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

29. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis were goods produced outside of the State of New York.

*Individual Plaintiffs*

30. The Plaintiffs are former employees of the Defendants who were ostensibly employed as delivery workers, cooks and cooks' helpers (Food prep). However, the delivery workers were also required to perform the non-delivery non-tip duties described above.

31. They seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Constancio Azueta*

32. Plaintiff Azueta was employed by the Defendants from approximately August 2017 until on or about October 2020.

33. Defendants ostensibly employed Plaintiff Azueta as a delivery worker. However, Plaintiff Azueta was also required to perform the non-delivery non-tip duties described above.

34. Although Plaintiff Azueta was ostensibly employed as a delivery worker, he spent more than three hours per day performing non-delivery work.

35. Plaintiff Azueta regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

36. Plaintiff Azueta 's work duties required neither discretion nor independent judgment.

37. Throughout his employment with Defendants, Plaintiff Azueta regularly worked in excess of 40 hours per week.

38. From approximately August 2017 until on or about March 2011, Plaintiff Azueta worked from approximately 11:00 a.m. until on or about 12:00 a.m. Tuesdays through Thursdays, and from approximately 12:00 p.m. until on or about 12:00 a.m. Fridays, Saturdays and Sundays.  (Typically, 58-60 hours per week).

39. Defendants paid Plaintiff Azueta his weekly wages in cash until 2019, when he was paid in check (See Exhibit A)

40. Plaintiff Azueta was paid a fixed salary of $400 per week in 2017, $450 in 2018 and $12.50 per hour starting in 2019.

41. Plaintiff Azueta's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

42. Defendants did not provide Mr. Azueta with break periods of any kind during his work hours.

43. Plaintiff Azueta was not required to keep track of his time, nor to his knowledge, did Defendants utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflected his actual hours worked.

44. Defendants did not provide Plaintiff Azueta with a statement of wages with each payment of wages, as required by NYLL 195(3).

45. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Azueta regarding overtime and wages under the FLSA and NYLL.

46. Defendants did not give any notice to Plaintiff Azueta, in English and in Spanish (Plaintiff Azueta's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Telesforo Reyes*

47. Plaintiff Reyes was employed by the Defendants from approximately May 2017 until on or about March 2021.

48. Defendants employed Plaintiff Reyes as a delivery person but had to do food prep all day in between deliveries.

49. Plaintiff Reyes regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

50. Plaintiff Reyes's work duties require neither discretion nor independent judgment.

51. Throughout his employment with Defendants, Plaintiff Reyes regularly worked in excess of 40 hours per week.

52. From approximately March 2017 until April 2018 Plaintiff Reyes worked typically 62 hours per week.

53. From 2019 until his departure, Plaintiff Reyes worked approximately 48 hours and was paid $13 per hour. His salary was raised to $15 per hour in 2020.

54. From 2017 until 2019, Plaintiff Reyes was paid his wages in cash.

55. From 2019 until his departure, Defendants paid Plaintiff Reyes by check.

56. Plaintiff Reyes was paid $350 from 2017 until 2019.

57. Plaintiff Reyes' pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

58. Plaintiff Reyes was not required to keep track of his time, nor to his knowledge, did Defendants utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflected his actual hours worked.

59. Defendants did not provide Plaintiff Reyes with a proper statement of wages with each payment of wages, as required by NYLL 195(3).

60. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Reyes regarding overtime and wages under the FLSA and NYLL.

61. Defendants did not give Plaintiff Reyes any notice, in English and in Spanish (Plaintiff Reyes 's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

62. At all times relevant to this Amended Complaint, Defendants maintained a policy and practice of requiring the Plaintiffs and all similarly situated employees to work in excess of forty (40) hours per week without paying them appropriate minimum wage and/or overtime compensation, or spread of hours compensation, as required by federal and state laws.

63. Defendants have engaged in its unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

64. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated current and former delivery persons.

65. At all times relevant to this Amended Complaint, Defendants maintained a policy and practice of requiring Plaintiffs to work in excess of forty (40) hours per week without paying them appropriate minimum wage and/or overtime compensation, or spread of hours compensation, as required by federal and state laws.

66. Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, resulting in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

67. Defendants habitually required Plaintiffs to work additional hours beyond their regular shifts but did not provide them with any additional compensation.

68. Defendants required Plaintiff Azueta to perform the jobs of multiple employees in addition to his primary responsibilities as a delivery worker. These responsibilities included everything from cleaning the basement, twisting cardboard boxes, tying them up and taking them out, taking out the garbage, sweeping and mopping, cleaning the windows, taking out tables and chairs to the sidewalk all year round, sweeping and cleaning the front of the restaurant (sidewalk), cleaning the bathrooms, receiving deliveries, carrying them downstairs and stocking them around the basement and bringing-in tables and chairs at the end of the shift.

69. Plaintiff Azueta was employed ostensibly as a tipped employee by Defendants, although his actual duties included greater or equal time spent in the non-tipped functions described above.

70. Plaintiff Azueta was paid at the lowered tip-credited rate by Defendants. However, under state law, Defendants were not entitled to a tip credit because Plaintiffs' non-

tipped duties exceeded 20% of each workday (or 2 hours a day, whichever was less) (12 N.Y.C.R.R. § 146).

71.     New York State regulations provide that an employee cannot be classified as a tipped employee "on any day . . . in which he has been assigned to work in an occupation in which tips are not customarily received." (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

72.     Plaintiff's duties were not incidental to his occupation as delivery worker, but instead constituted entirely unrelated occupations with duties including the non-tip duties described above.

73.      In violation of federal and state law as codified above, Defendants classified Plaintiff Azueta as a tipped employee and paid him at the tip-credited rate when they should have classified him as a non-tipped employee and paid him at the minimum wage rate.

74.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

75.     Defendants failed to post required wage and hour posters in the restaurant and did not provide Plaintiffs with statutorily required wage and hour records or statements of their pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiffs' lack of sophistication in wage and hour laws.

76.     All Plaintiffs were paid their wages entirely in cash until 2019.

77. Upon information and belief, Defendants practices were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

78. Defendants also failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

79. Defendants failed to provide Plaintiffs and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

80. Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

**FLSA COLLECTIVE ACTION CLAIMS**

109. Plaintiffs bring their FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the Complaint in this case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

110. At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them at the proper wage rate and willfully failing to keep records required by the FLSA.

111. The claims of Plaintiffs stated herein are similar to those of the other employees.

**FIRST CAUSE OF ACTION**

Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

112. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for their employment.

113. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

114. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

115. Defendants failed to pay Plaintiffs at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

116. Defendants' failure to pay Plaintiffs at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

117. Plaintiffs have been damaged in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**

Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

119. Defendants, in violation of the FLSA, failed to pay Plaintiffs and the FLSA class members overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207(a)(1).

120. Defendants' failure to pay Plaintiffs and the FLSA Class members overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

121. Plaintiffs and the FLSA class members have been damaged in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**

Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

123. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiffs, control their terms and conditions of employment, and determine the rates and methods of any compensation in exchange for their employment.

124.  Defendants, in violation of the NYLL, paid Plaintiffs less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

125.  Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

126.  Plaintiffs have been damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**

128.  Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

129.  Defendants, in violation of the NYLL Art. 19 and 12 N.Y.C.R.R. § 142-2.2, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

130.  Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of NYLL § 663.

131.  Plaintiffs been damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**

132.  Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

133.  Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 137-1.7 and 137-3.11.

134.  Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

135.  Plaintiffs have been damaged in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION**

136. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

137. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

138. Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys fees.

**SEVENTH CAUSE OF ACTION**

139. Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

140. Defendants did not provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL 195(3).

141. Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys fees.

**EIGHTH CAUSE OF ACTION**

142. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

143. An enforceable agreement existed between Plaintiff and Defendants whereby Plaintiff agreed to perform work for Defendants and, in turn, be remunerated at minimum wage.

144. Plaintiff satisfactorily performed work for Defendants, thereby performing fully her obligations under the agreement.

145. Defendants did not remunerate Plaintiff at all for the work she performed. Therefore, Defendants breached the agreement.

146. As a direct result of Defendants' breach, Plaintiff sustained damages in an amount

to be determined at trial based upon an accounting of the amount Plaintiff should have been paid as contemplated by his employment agreement with Defendants, with an award of interest, costs, disbursements, and attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs (including the prospective collective class members);

(c)     Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs (including the prospective collective class members);

(d)     Declaring that the Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' (and the prospective collective class members') compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiffs (including the prospective collective class members);

(f)     Awarding Plaintiffs (including the prospective collective class members) damages

for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g) Awarding Plaintiffs (including the prospective collective class members) liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h) Declaring that Defendants have violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i) Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j) Declaring that Defendants have violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiffs;

(k) Declaring that the Defendants have violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages; and any deductions or credits taken against wages;

(l) Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiffs;

(m) Awarding Plaintiffs damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(n) Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o) Awarding Plaintiffs liquidated damages in an amount equal to one hundred

percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

  (p) Awarding Plaintiffs (including the prospective collective class members) pre-judgment and post-judgment interest as applicable;

  (q) Awarding Plaintiffs (including the prospective collective class members) the expenses incurred in this action, including costs and attorney's fees;

  (r) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

  (s) All such other and further relief as the Court deems just and proper.

Dated: New York, New York
   April 21, 2021

                STILLMAN LEGAL, P.C.

          By: /s/
             Lina Stillman, Esq.
             42 Broadway, 12th Floor
             New York, New York 10004
             Telephone: (212) 832-1000
             *Attorneys for Plaintiff*