UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x
CONSTANCIO AZUETA and TELESFORO            :
REYES,                                     :     Civil Action No.: 1:21-cv-03523-MKV
                                           :
               Plaintiffs,                 :
                                           :
v.                                         :
                                           :  **ANSWER**
D AND A COFFEE LLC (DBA 12 CHAIRS          :
CAFÉ) and RONEN GRADY, *jointly and*       :
*severally*,                               :
                                           :
               Defendants.                 :
-------------------------------------------------------------------x

Defendants D AND A COFFEE LLC d/b/a 12 CHAIRS CAFÉ ("12 Chairs") and RONEN

GRADY ("Grady") (collectively "Defendants"), by and through their undersigned counsel, hereby

answer the Plaintiffs' Complaint as follows:

<u>NATURE OF THE ACTION</u>

1.      Defendant 12 Chairs admits Plaintiffs were former employees of Defendant 12

Chairs; Defendants deny the remainder of the allegations in Paragraph 1.

2.      Defendant 12 Chairs admits it operated a restaurant doing business as "12 Chairs

Café;" Defendants deny the remainder of the allegations in Paragraph 2.

3.      Defendants deny the allegations in paragraph 3.

4.      Defendant 12 Chairs admits Plaintiffs were former employees of Defendant 12

Chairs; Defendants deny the remainder of the allegations in Paragraph 4.

5.      Defendants deny the allegations in Paragraph 5.

6.      Defendants deny the allegations in Paragraph 6.

7.      Defendants deny the allegations in Paragraph 7.

8.      Defendants deny the allegations in Paragraph 8.

9.      Defendants deny the allegations in Paragraph 9.

10.     Defendants deny the allegations in Paragraph 10.

11.     Defendants deny the allegations in Paragraph 11.

12.     Defendants deny the allegations in Paragraph 12.

13.     Defendants deny knowledge or information sufficient to form a basis to respond to the allegations in Paragraph 13.

14.     Defendants deny knowledge or information sufficient to form a basis to respond to the allegations in Paragraph 14.

<u>JURISDICTION and VENUE</u>

15.     Defendants refer all questions of law to the Court at the trial of this action and otherwise deny the remainder of the allegations in Paragraph 15 of the Complaint.

16.     Defendants refer all questions of law to the Court at the trial of this action and otherwise deny the remainder of the allegations in Paragraph 16 of the Complaint.

<u>THE PARTIES</u>

17.     Defendants deny denies knowledge or information sufficient to form a basis to respond to the allegations in Paragraph 17.

18.     Defendants deny knowledge or information sufficient to form a basis to respond to the allegations in Paragraph 18.

19.     Defendant 12 Chairs admits that it operated a restaurant under the name "12 Chairs Café;" Defendants deny the remainder of the allegations of Paragraph 19.

20.     Defendant 12 Chairs admits the allegations in Paragraph 20.

21.     Defendants deny the allegations in Paragraph 21.

FACTUAL ALLEGATIONS

22.     Defendant 12 Chairs admits that it operated a restaurant under the name "12 Chairs Café;" Defendants deny the remainder of the allegations of Paragraph 22.

23.     Defendants deny the allegations in Paragraph 23.

24.     Defendants deny the allegations in Paragraph 24.

25.     Defendants refer all questions of law to the Court at the trial of this action and otherwise deny the remainder of the allegations in Paragraph 25 of the Complaint.

26.     Defendants deny the allegations in Paragraph 26.

27.     Defendants refer all questions of law to the Court at the trial of this action and otherwise deny the remainder of the allegations in Paragraph 27 of the Complaint.

28.     Defendants deny the allegations in Paragraph 28.

29.     Defendants deny the allegations in Paragraph 29.

30.     Defendants deny the allegations in Paragraph 30.

31.     Defendants refer all questions of law to the Court at the trial of this action and otherwise deny the remainder of the allegations in Paragraph 31 of the Complaint.

32.     Defendants deny knowledge or information sufficient to form a basis to respond to the allegations in Paragraph 32.

33.     Defendants deny the allegations in Paragraph 33.

34.     Defendants deny the allegations in Paragraph 34.

35.     Defendants deny the allegations in Paragraph 35.

36.     Defendants deny the allegations in Paragraph 36.

37.     Defendants deny the allegations in Paragraph 37.

38.     Defendants deny the allegations in Paragraph 38.

39.     Defendants deny the allegations in Paragraph 39.

40.     Defendants deny the allegations in Paragraph 40.

41.     Defendants deny the allegations in Paragraph 41.

42.     Defendants deny the allegations in Paragraph 42.

43.     Defendants deny the allegations in Paragraph 43.

44.     Defendants deny the allegations in Paragraph 44.

45.     Defendants deny the allegations in Paragraph 45.

46.     Defendants deny the allegations in Paragraph 46.

47.     Defendants deny knowledge or information sufficient to form a basis to respond to the allegations in Paragraph 47.

48.     Defendants deny the allegations in Paragraph 48.

49.     Defendants deny the allegations in Paragraph 49.

50.     Defendants deny the allegations in Paragraph 50.

51.     Defendants deny the allegations in Paragraph 51.

52.     Defendants deny the allegations in Paragraph 52.

53.     Defendants deny the allegations in Paragraph 53.

54.     Defendants deny the allegations in Paragraph 54.

55.     Defendants deny the allegations in Paragraph 55.

56.     Defendants deny the allegations in Paragraph 56.

57.     Defendants deny the allegations in Paragraph 57.

58.     Defendants deny the allegations in Paragraph 58.

59.     Defendants deny the allegations in Paragraph 59.

60.     Defendants deny the allegations in Paragraph 60.

658766v.1

61.     Defendants deny the allegations in Paragraph 61.

62.     Defendants deny the allegations in Paragraph 62.

63.     Defendants deny the allegations in Paragraph 63.

64.     Defendants deny the allegations in Paragraph 64.

65.     Defendants deny the allegations in Paragraph 65.

66.     Defendants deny the allegations in Paragraph 66.

67.     Defendants deny the allegations in Paragraph 67.

68.     Defendants deny the allegations in Paragraph 68.

69.     Defendants deny the allegations in Paragraph 69.

70.     Defendants deny the allegations in Paragraph 70.

71.     Defendants refer all questions of law to the Court at the trial of this action and otherwise deny the remainder of the allegations in Paragraph 71 of the Complaint.

72.     Defendants deny the allegations in Paragraph 72.

73.     Defendants deny the allegations in Paragraph 73.

74.     Defendants deny the allegations in Paragraph 74.

75.     Defendants deny the allegations in Paragraph 75.

76.     Defendants deny the allegations in Paragraph 76.

77.     Defendants deny the allegations in Paragraph 77.

78.     Defendants deny the allegations in Paragraph 78.

79.     Defendants deny the allegations in Paragraph 79.

80.     Defendants deny the allegations in Paragraph 80.

<u>FLSA COLLECTIVE ACTION CLAIMS</u>

109.     Defendants refer all questions of law to the Court at the trial of this action and

otherwise deny the remainder of the allegations in Paragraph 109 of the Complaint.[1]

110.    Defendants deny the allegations in Paragraph 110.

111.    Defendants deny the allegations in Paragraph 111.

## **FIRST CAUSE OF ACTION**

Defendants incorporate their responses set forth above, as though fully set forth herein.[2]

112.    Defendants refer all questions of law to the Court at the trial of this action and otherwise deny the remainder of the allegations in Paragraph 112 of the Complaint.

113.    Defendants deny the allegations in Paragraph 113.

114.    Defendants refer all questions of law to the Court at the trial of this action and otherwise deny the remainder of the allegations in Paragraph 114 of the Complaint.

115.    Defendants refer all questions of law to the Court at the trial of this action and otherwise deny the remainder of the allegations in Paragraph 115 of the Complaint.

116.    Defendants refer all questions of law to the Court at the trial of this action and otherwise deny the remainder of the allegations in Paragraph 116 of the Complaint.

117.    Defendants deny the allegations in Paragraph 117.

## **SECOND CAUSE OF ACTION**

118.    Defendants incorporate their responses set forth above, as though fully set forth herein.[3]

119.    Defendants refer all questions of law to the Court at the trial of this action and otherwise deny the remainder of the allegations in Paragraph 119 of the Complaint.

---

[1] Plaintiff's Complaint skips Paragraphs 82-108. For the Court's convenience, we have numbered our answer paragraphs accordingly.

[2] Plaintiff's Complaint did not number this paragraph. For the Court's convenience, we have not numbered this paragraph either.

[3] Plaintiff's Complaint did not number this paragraph. For the Court's convenience, however, we have continued the consecutive numbering.

658766v.1

120.     Defendants refer all questions of law to the Court at the trial of this action and otherwise deny the remainder of the allegations in Paragraph 120 of the Complaint.

121.     Defendants deny the allegations in Paragraph 121.

## THIRD CAUSE OF ACTION

122.     Defendants incorporate their responses set forth above, as though fully set forth herein.

123.     Defendants refer all questions of law to the Court at the trial of this action and otherwise deny the remainder of the allegations in Paragraph 123 of the Complaint. [4]

124.     Defendants refer all questions of law to the Court at the trial of this action and otherwise deny the remainder of the allegations in Paragraph 124 of the Complaint.

125.     Defendants refer all questions of law to the Court at the trial of this action and otherwise deny the remainder of the allegations in Paragraph 125 of the Complaint.

126.     Defendants deny the allegations in Paragraph 126.

## FOURTH CAUSE OF ACTION

128.     Defendants incorporate their responses set forth above, as though fully set forth herein.[5]

129.     Defendants refer all questions of law to the Court at the trial of this action and otherwise deny the remainder of the allegations in Paragraph 129 of the Complaint.

130.     Defendants refer all questions of law to the Court at the trial of this action and otherwise deny the remainder of the allegations in Paragraph 130 of the Complaint.

---

[4] Plaintiff's Complaint did not number this paragraph. For the Court's convenience, we have continued the consecutive numbering.

[5] Plaintiff's Complaint skips Paragraph 127. For the Court's convenience, we have numbered our answer paragraphs accordingly.

658766v.1

131.    Defendants deny the allegations in Paragraph 131.

## FIFTH CAUSE OF ACTION

132.    Defendants incorporate their responses set forth above, as though fully set forth herein.

133.    Defendants refer all questions of law to the Court at the trial of this action and otherwise deny the remainder of the allegations in Paragraph 133 of the Complaint.

134.    Defendants refer all questions of law to the Court at the trial of this action and otherwise deny the remainder of the allegations in Paragraph 134 of the Complaint.

135.    Defendants deny the allegations in Paragraph 135.

## SIXTH CAUSE OF ACTION

136.    Defendants incorporate their responses set forth above, as though fully set forth herein.

137.    Defendants refer all questions of law to the Court at the trial of this action and otherwise deny the remainder of the allegations in Paragraph 137 of the Complaint.

138.    Defendants deny the allegations in Paragraph 138.

## SEVENTH CAUSE OF ACTION

139.    Defendants incorporate their responses set forth above, as though fully set forth herein.

140.    Defendants refer all questions of law to the Court at the trial of this action and otherwise deny the remainder of the allegations in Paragraph 140 of the Complaint.

141.    Defendants deny the allegations in Paragraph 141.

## EIGHTH CAUSE OF ACTION

142.    Defendants incorporate their responses set forth above, as though fully set forth

herein.

143.    Defendants deny the allegations in Paragraph 143.

144.    Defendants deny the allegations in Paragraph 144.

145.    Defendants deny the allegations in Paragraph 145.

146.    Defendants deny the allegations in Paragraph 146.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

To the extent that the period alluded to in the Complaint, or the period alleged later in this action, predates the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a), and/or any other applicable statutes of limitation, such claims are barred.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

This Court should not exercise supplemental jurisdiction over the counts in the Complaint that purport to arise under the New York State Law.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Defendants, at all times, acted in good faith to comply with the FLSA and the NYLL, and with reasonable grounds to believe that its actions did not violate the statutes cited in the Complaint, and Defendant asserts a lack of willfulness or intent to violate the FLSA or the NYLL as a defense to any claim by Plaintiff for liquidated damages.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because such actions taken in connection with Plaintiff's compensation were done in good faith in conformity with and reliance upon written administrative

658766v.1

regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not in violation of the FLSA or the NYLL.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that the work they performed falls within exemptions, exclusions, exceptions, or credits provided for in Section 7 of the FLSA, 29 U.S.C. § 207, or the NYLL.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiff failed, refused, and/or neglected to mitigate or avoid the damages complained of in the Complaint, if any.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

If Plaintiffs succeed in establishing a violation under the FLSA or the NYLL, and to the extent any sums are found due and owing to Plaintiffs, which is expressly denied, Defendants are entitled to a set-off against said sum to the extent paid, tendered, waived, compromised, and/or released prior to the adjudication herein, including but not limited to those amounts paid, tendered, waived, compromised, and/or released through any other proceeding, either formal or informal, or to the extent any additional compensation was paid to Plaintiffs over and above their wages.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

658766v.1

Any claim for additional compensation by Plaintiffs must be reduced by compensation already paid to Plaintiffs for periods not compensable under the FLSA and/or the NYLL.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred or should be reduced, in whole or in part, by exclusions, exceptions, credits, recoupments, or offsets permissible under the FLSA or the NYLL.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to any equitable relief because they have an adequate remedy at law.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is presented in conclusory and vague terms, which prevents Defendants from anticipating all affirmative defenses and claims that may be applicable in this action. Therefore, to the extent permitted under the Federal Rules of Civil Procedure and applicable case law, Defendants reserve the right to assert additional defenses or claims that may become known during discovery.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the provisions of 29 U.S.C. § 207, because the Defendants were not, at any relevant time, an enterprise engaged in commerce within the meaning of the law.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, under the doctrine of waiver, laches, estoppel, ratification, acquiescence, or unclean hands.

658766v.1

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

Defendants have no knowledge of, nor should they have had knowledge of, any alleged uncompensated work by the Plaintiffs, and Defendants did not authorize, require, request, suffer, or permit such activity by the Plaintiffs as forth in the Complaint.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

The Complaint, and each cause of action thereof, is barred – or the damages flowing therefrom reduced – because Plaintiffs failed to notify Defendants of the alleged statutory violations at the time such violations allegedly occurred, which prevented Defendants from taking any action to remedy such alleged violations.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to an award of liquidated damages under both FLSA and NYLL with respect to the same violation. As such, Plaintiffs' allegations of entitlement to both in the Complaint are improper and must be dismissed.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

In addition to the foregoing defenses, Defendants reserve the right to amend this Answer to raise any and all other additional affirmative and other defenses that may become evident during discovery and during any other proceeding in this action or pursue any available counterclaims against Plaintiffs or any putative class member who joins this action as those claims become known during this litigation.

**WHEREFORE**, Defendants request judgment against the Plaintiffs with respect to the claims asserted herein, dismissing the Complaint in this action, and entering judgment in favor of Defendants, together with costs and disbursements of the above-entitled action and any other relief

658766v.1

this Court may deem just and proper.

Dated: New York, New York
       July 12, 2021

Respectfully submitted,

**KOUTSOUDAKIS & IAKOVOU
LAW GROUP, PLLC**

By: _*Steven Siegler*_____
       Steven Siegler, Esq. (SS1224)
       90 Broad Street, 10th Floor
       New York, New York 10004
       Telephone: (212) 386-7606
       Facsimile: (332) 777-1884
       Email: steven@kilegal.com
       *Attorneys for D and A Coffee, LLC and
       Ronen Grady*

658766v.1