## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Settlement Agreement") is made and entered into by and between CONSTANCIO AZUETA AND TELESFORO REYES GARCIA ("Plaintiffs"), D AND A COFFEE LLC (DBA 12 CHAIRS CAFÉ) ("12 Chairs Cafe"), and Ronen Grady (collectively, "Defendants" and with Plaintiffs, the "Parties") as of July 15, 2022.

### RECITALS

A.  WHEREAS, on April 21, 2022 Plaintiffs filed an action in the United States District Court for the Eastern District of New York against the Defendants bearing the caption *Constancio Azueta and Telesforo Reyes Garcia v. D and A Coffee LLC (DBA 12 Chairs Café)* No. 1:21-cv-03523-BCM (the "Action"), alleging, *inter alia*, that the Defendants failed to pay Plaintiffs certain wages due in connection with services they performed on behalf of *D and A Coffee LLC (DBA 12 Chairs Café*. The aforementioned Action is currently pending in the United States District Court for the Eastern District of New York;

B.  WHEREAS, the Defendants deny Plaintiffs' allegations and contend that Plaintiffs were paid all wages due and owing;

C.  WHEREAS, no Government Agency or Court has either considered or determined the Parties' respective claims and defenses;

D.  WHEREAS, the Defendants admit no wrongdoing nor any liability with respect to Plaintiffs' allegations; and

E.  NOW, THEREFORE, in consideration of the foregoing and in consideration of the covenants, warranties, and promises set forth below, receipt of which is hereby acknowledged, the Parties agree as follows:

1.  <u>Consideration</u>. After participation in mediation under the auspices of the United States District Court's Alternative Dispute Resolution program, the Parties are entering into this Settlement Agreement in exchange for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged. Plaintiffs agrees that they will not seek any further consideration from the Defendants, including any monetary payments, beyond that set forth in Paragraph 2 of this Settlement Agreement.

2.  <u>Settlement Amount.</u>

(a) The Defendants agree to pay Plaintiffs the total gross settlement amount of Thirty Thousand Dollars ($30,000) (the "Settlement Amount"), as follows:

   i.  Twelve (12) installment checks in the amount of Two Thousand Five Hundred Dollars and Zero Cents ($2500.000) each payable as follows:
   ii.
   
       i.  Three (3) Checks in the amount of $833.33 Eight Hundred Thirty-Three Dollars and Thirty-Three Cents delivered every (30) thirty days to Plaintiffs' counsel at 42 Broadway, 12th Floor, Suite 12-127, New York NY 10004.

1

Plaintiff's counsel and Plaintiffs will receive IRS Forms 1099 in connection with these payments.
1. One Check (1) payable to Constancio Azueta in the amount of $833.33 Eight Hundred Thirty-Three Dollars and Thirty-Three Cents.
2. One Check (1) payable to Telesforo Reyes in the amount of $833.33 Eight Hundred Thirty-Three Dollars and Thirty-Three Cents.
3. One Check (1) payable to "Stillman Legal PC" in the amount of $833.33 Eight Hundred Thirty-Three Dollars and Thirty-Three Cents.

ii. The first installment shall be made thirty (30) days after court approval of this Agreement and each installment shall be due thirty (30) days thereafter.
iii. Plaintiffs' Counsel will receive a one third (1/3) of the total settlement in the amount of ($10,000) Ten Thousand Dollars, which includes costs.
iv. Each Plaintiff will receive a total of ($10,000) Ten Thousand Dollars.
v. Plaintiffs and Plaintiffs' counsel shall provide IRS Forms W-9 prior to any payment.

(b) Plaintiffs and Plaintiffs' counsel agree to indemnify and hold Defendants harmless for any tax liability, penalty, interest, cost, or expense incurred as a result of Plaintiffs or Plaintiffs' counsel's failure to pay taxes for which Plaintiffs are responsible. Defendants do not make any warranty or representation to Plaintiffs or Plaintiffs' counsel regarding the tax consequences of any payments.

3. <u>Effective Date.</u> This Agreement shall not be enforceable and no payments will be made hereunder unless and until the Court approves the Agreement.

4. <u>Release.</u> For and in consideration of the Settlement Amount provided for in Paragraph 2, subject to the terms and provisions of this Settlement Agreement, Plaintiffs fully, finally, irrevocably and forever release and discharge Defendants, including Ronen Grady, from any and all claims commenced in the Action, including those brought under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") and any claims for breach of contract (whether as a direct beneficiary or third-party beneficiary), which Plaintiffs have or may have alleged against the Defendants as of the date of this Settlement Agreement.

5 <u>Covenant Not to Sue.</u> Plaintiffs affirm that they have not filed, or caused to be filed, and are not presently a party to, any action or complaint, including those with the Department of Labor or the United States Equal Employment Opportunity Commission, against Defendants seeking damages for the pertinent released claims as set forth in this Agreement, other than this Action. Further, Plaintiffs hereby covenant and agree not to sue, commence, prosecute and continue any other proceeding or complaint (civil, administrative or criminal), with respect to the claims released in this Agreement.

6. <u>Submission to Court for Approval and Purposes of Dismissing the Action.</u>

(a) Concurrent with execution of this Agreement, the Parties agree to execute the "Stipulation of Dismissal with Prejudice," in the form annexed hereto as Exhibit A, which will

2

be filed with the Court to be so ordered if the settlement is approved by the Court and the first settlement installment is paid, as reflected in subparagraph 2(a)(ii) herein. The Parties will execute and file the Stipulation of Dismissal within five (5) calendar days after the payment of the first settlement installment.

        (b)    The Parties agree to cooperate reasonably with one another in seeking Court approval of this Agreement, and to promptly agree upon and execute any documentation that may be reasonably required to obtain final approval by the Court of the Agreement.

        (c)    Costs and Attorneys' Fees. Each Party will bear its own litigation costs and attorneys' fees in connection with this Action, except as specified in this Agreement.

7.    Deleted.

8.    Acknowledgments. By signing this Agreement, Plaintiffs acknowledge and agree that (a) they have been afforded a reasonable and sufficient period of time for review, deliberation thereon and negotiation of the terms thereof, and have consulted with legal counsel or a representative of their choice before signing it; (b) they have carefully read and fully understand all the provisions of this Agreement, all of which have been explained to them; (c) they have signed this Agreement freely and voluntarily and without duress or coercion and with full knowledge of its significance and consequences and of the rights relinquished, surrendered, released and discharged hereunder; and (d) the only consideration for signing this Agreement are the terms stated herein, and no other genuine promise, agreement or representation of any kind has been made to them by any person or entity whatsoever to cause them to sign this Agreement.

9.    Governing Law and Interpretation. This Settlement Agreement shall be governed by and in accordance with the laws of the State of New York without regard to its conflict of law provisions. In the event of a breach of any provision of this Settlement Agreement, either Party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach.

10.    Jurisdiction. The Parties consent that the federal district court where the Action was originally filed will retain jurisdiction over any question or dispute arising out of or pursuant to this Settlement Agreement.

11.    No Admission of Wrongdoing. The Defendants expressly deny any violation of any of laws, regulations or their policies or procedures. The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by the Defendants of wrongdoing or evidence of any liability or unlawful conduct of any kind. This Agreement shall neither constitute nor establish any precedent and shall not be used or introduced by Plaintiffs in any grievance, arbitration, judicial or other proceeding, except to enforce the terms of this Agreement.

12.    Amendment. This Agreement may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Agreement.

13.    Entire Agreement. This Settlement Agreement constitutes the complete

understanding of the Parties. No other promises or agreements shall be binding unless agreed to in writing and signed by the Parties.

      14. <u>Counterparts</u>. This Agreement may be executed in any number of counterparts, each of which so executed shall be deemed an original, and such counterparts will together constitute but one Agreement. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Party who transmits the signature page by facsimile or email.

IN WITNESS THEREOF, the Parties hereto evidence their agreement by their signature below.

_____
CONSTANCIO AZUETA

_____
TELESFORO REYES


D AND A COFFEE LLC (DBA 12 CHAIRS CAFÉ) .

By:_____
    Name:
    Title:


RONEN GRADY

By:_____   .

4

in writing and signed by the Parties.

14.     Counterparts. This Agreement may be executed in any number of counterparts, each of which so executed shall be deemed an original, and such counterparts will together constitute but one Agreement. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Party who transmits the signature page by facsimile or email.

IN WITNESS THEREOF, the Parties hereto evidence their agreement by their signature below.

_____
CONSTANCIO AZUETA

_____
TELESFORO REYES

D AND A COFFEE LLC (DBA 12 CHAIRS CAFÉ).

By:_____
Name: Ronen Grady
Title: Owner

RONEN GRADY

By:_____

**EXHIBIT A**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
CONSTANCIO AZUETA AND TELESFORO REYES   :
                                                    :        1:21-cv-07127-WFK-CLP

                        Plaintiffs,           :

    -against-                                        :

D AND A COFFEE LLC (DBA 12 CHAIRS CAFÉ),   :
Ronen Grady,
                                                  :

                      Defendants.         :
---------------------------------------------------------------X

## STIPULATION OF DISMISSAL

**IT IS HEREBY STIPULATED AND AGREED,** by and between the Parties in the above captioned action, through their undersigned counsel, and subject to approval by the Court, that, in accordance with Rule 41 of the Federal Rules of Civil Procedure, the action is dismissed with prejudice and without costs or attorney's fees as to any party except as referenced in the settlement agreement. The Court hereby retains jurisdiction over this matter to enforce the Settlement Agreement between the Parties.

Dated: July _, 2022

| | |
|---|---|
| RAGLAN & STILLMAN LLP | KOUTSOUDAKIS & IAKOVOU LAW GROUP PLLC |
| By: *Lina Stillman, Esq* <br> Lina Stillman, Esq. <br> 42 Broadway, 12th Floor <br> New York, New York 10004 <br> (212) 832-1000 <br> LS@stillmanlegalpc.com <br> *Attorneys for Plaintiffs* Constancio Azueta and Telesforo Reyes Garcia | By:_____ <br> Steven Siegler, Esq. <br> 40 Wall Street, 49th Floor <br> New York, NY 10005 <br> *Attorneys for Defendants* D and A Coffee LLC (DBA 12 Chairs Café) and Ronen Grady |

DATED: _____
SO ORDERED:

_____
D.C.J.