

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CONSTANCIO AZUETA, et al.,

        Plaintiffs,

-against-

D AND A COFFEE LLC., et al.,

        Defendants.

21-CV-3523 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge**.

    The Court has received and reviewed the parties' joint letter-motion dated July 26, 2022 (Joint Ltr.) (Dkt. 39), seeking approval of their fully-executed Settlement Agreement (Ag.) (Dkt. 39-1) pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The Agreement requires defendants collectively to pay $30,000 in twelve monthly installments, with $10,000 ($833.33 per month) going to each of the two plaintiffs, to settle their claims under the Fair Labor Standards Act (FLSA) and the New York Labor Law (NYLL). Ag. § 2; Joint Ltr. at 1. Plaintiffs' counsel will also receive $10,000 ($833.33 per month) to cover attorneys' fees. Ag. § 2(a)(iii); Joint Ltr. at 3. The parties will file an agreed-upon Stipulation of Dismissal (Ag. Ex. A) within five days after the first installment payment is made. Ag. § 6(a).

    The financial terms of the Agreement were arrived at after arm's-length bargaining between the parties' experienced employment and labor counsel, assisted by a neutral mediator, and are fair and reasonable. Plaintiffs, who were employed in defendants' restaurant at a tip-credited hourly wage, brought claims under the FLSA and NYLL for unpaid regular and overtime wages. *See* Joint Ltr. at 2. The gross settlement payment represents approximately 71% of plaintiffs' estimated unpaid wages of $42,380. *See* Damages Chart (Dkt. 39-4). The parties agreed to those terms after conducting discovery, including depositions during which the plaintiffs' testimony was "at times inconsistent their allegations," Joint Ltr. at 2, and after obtaining the assistance of a neutral mediator. *Id.* The settlement allows all parties to avoid the risks and expenses of proceeding with the litigation, *see id.*, including the risk that plaintiffs will recover nothing, or substantially less than they sought, at trial. Under these circumstances, the Court is satisfied that the settlement represents "a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Mamani v. Licetti*, 2014 WL 2971050, at *1 (S.D.N.Y. July 2, 2014).

    The non-economic terms of the Agreement are also fair. Plaintiffs are releasing defendants from "any and all claims commenced in this action," including FLSA, NYLL, and breach of contract claims. Ag. § 4.  Plaintiffs have further covenanted not to file any action or complaint with the Department of Labor or Equal Employment Opportunity Commission seeking damages for the released claims. Ag. § 5. There is no rehiring prohibition and no confidentiality clause or other restriction on plaintiffs' ability to discuss their employment with defendants, this action, or the terms of the settlement.

The proposed attorneys' fee award of $10,000 represents one-third of the gross settlement payment, which is consistent with the contingency agreements that plaintiffs signed (Dkt. 39-2) and is approximately 59% of counsel's stated lodestar of $16,796.50. *See* Joint Ltr. at 3; Attorney Time Records (Dkt. 39-3). Given the degree of success obtained by counsel in this action, the award is not excessive.

Having carefully reviewed the financial and non-financial terms of the Agreement, I find that they are fair and reasonable as required by *Cheeks*, 796 F.3d at 199. Accordingly, the parties' joint letter-motion is **GRANTED** and the proposed settlement is **APPROVED**. The parties shall file their Stipulation of Dismissal within five days after the first settlement installment is paid. That installment is due no later than 30 days from the date of this Order. Ag. § 2(a)(ii)(ii).

Dated: New York, New York
October 13, 2022

**SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**